UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**WILL DUNN**                                                                 **CIVIL ACTION NO.**

**VERSUS**

                                                                                     **20-775-BAJ-SDJ**

**WALMART, INC., et al.**

## NOTICE AND ORDER

This matter originally arises from a personal injury claim. Following the death of Plaintiff Will Dunn, Jr., Plaintiff's counsel moved to substitute Plaintiff's three children: J.D.;[1] Will Dunn III; and minor child T.O., through her legal representative Alexis Dunn. Despite several conferences and orders instructing Plaintiff's counsel to cure problems in the record, impermissible documents and inconsistencies remain. The Court attempts to remedy these issues below.

On March 1, 2023, a telephone conference was held before the Court, during which two issues of significance were discussed. First, Plaintiff's counsel explained that he has been unable to contact one of the heirs of the deceased Plaintiff.[2] Second, Plaintiff's counsel was informed that certain documents he previously filed into the record in this case contain impermissible information about certain individuals in violation of Federal Rule of Civil Procedure 5.2(a).[3] Plaintiff's counsel was ordered to file a motion seeking to substitute certain documents with redacted versions.[4] The Parties also were "instructed to submit a revised Joint Status Report in which they not only set forth their plan for resolving the issue regarding substitution of plaintiffs, but also state whether or not the current stay should be lifted."[5]

---

[1] As discussed below, the age of J.D. is in question. Though at this time the Court believes J.D. to be of age, she is referred to here by her initials out of an abundance of caution.
[2] R. Doc. 34 at 1.
[3] *Id.*
[4] *Id.* at 2.
[5] *Id.* at 1.

On March 14, 2023, the Parties timely filed a Supplemental Joint Status Report in which they agreed upon the following issues: (1) "Plaintiff's counsel will file a motion seeking to substitute exhibits attached to Record Documents 24 and 33 with all impermissible information redacted, as ordered by the Court, by March 15, 2023"; (2) "Alexis Dunn will file appropriate pleadings in a court of proper jurisdiction to be appointed tutor of the minor child T.D.O. within sixty (90) [sic] days of this status report"; and (3) "The Court is requested to lift the current stay order and allow the Parties to submit a revised proposed scheduling order so that fact and expert discovery can be completed."[6]

Turning first to the issue of the improper exhibits attached to Record Documents 24 and 33: despite the Court's order and counsel's assurances, no motion to substitute was filed by March 15, 2023. Instead, on April 20, 2023, Plaintiff's counsel filed into the record a letter requesting that the Court "exclude any information of minor child, [J.D.] for the record of this matter";[7] and on April 21, Plaintiff's counsel filed a similar letter asking that the Court "exclude unredacted documents of minor child [J.D.] for the record of this matter" and indicating that redacted documents were attached.[8] These letters are not proper motions before the Court and will not be considered as such.[9] Even if the Court treated these letters as motions, the Court could not act upon them, as they fail specify which documents should be struck from the record. Furthermore, the second letter refers only to unredacted documents regarding J.D. No such documents exist in the record.[10] Most importantly, these letters do *not* address the unredacted exhibits to R. Docs. 24 and

---

[6] R. Doc. 35 at 2. The Court notes that this is not a complete list of the items the Parties represent they agreed on in their Supplemental Joint Status Report. However, these items are the ones pertinent to this Notice and Order.
[7] R. Doc. 36.
[8] R. Doc. 37.
[9] The letters are written on counsel's letterhead, formatted as personal correspondence, and lack a proposed order per Local Rule 7(c) and formatting set out by Local Rule 10(a).
[10] All impermissibly unredacted documents in the record at this time pertain to Will Dunn III, Alexis Dunn, and minor child T.D.

33, and thus do not satisfy the Court's order regarding substitution of impermissible information.[11] Finally, the documents attached to the letter of April 21[12] are improperly redacted, rendering the apparently redacted information therein perfectly accessible.[13] Because the improper information is still in the record, the Court will *sua sponte* strike the exhibits to Record Documents 24,[14] 33, and 37. Should Plaintiff's counsel wish to re-file these documents, he should do so with *proper*, *complete* redaction.[15]

In addition to the unredacted exhibits, the Court notes that the record is rife with full names of purportedly minor children. First, Plaintiff's counsel repeatedly refers to both J.D. and T.O. as minor children but only provides a legal representative for T.O. Counsel has verbally represented to the Court that J.D. is not a minor but continues to refer to her as "the minor child".[16] The Court believes that J.D. is not, in fact, a minor, but instructs Plaintiff's counsel to submit clarification into the record as to J.D.'s age. The Court is, however, sure that T.O. is a minor child, and as such, Plaintiff's counsel is instructed to refer to the minor with *initials only*.[17] The Court will immediately seal Plaintiff's Motion to Substitute Party Plaintiff[18] for failure to refer to a minor child in this manner. Plaintiff's counsel shall review Federal Rule 5.2 and Section I. K. of the Middle District's Administrative Procedures for Filing Electronic Documents before filing a motion to substitute with appropriate alterations, upon which filing the Court will unseal the Motion.

---

[11] R. Doc. 34 at 2.
[12] R. Doc. 37.
[13] The Court will not publicly provide a roadmap to accessing poorly redacted information; Plaintiff's counsel is free to call the Court for clarification of the issue if necessary.
[14] Including the separately filed Exhibits to R. Doc. 24, found at R. Doc. 26.
[15] The Court notes that documents containing impermissible information per Rule 5.2(a) are not necessary here and urges counsel to file alternative documentation if it is available, e.g., affidavits, deposition transcripts, etc.
[16] *See, e.g.,* R. Doc. 37 (Plaintiff's most recent filings refer to J.D. as a "minor child" despite previous verbal confirmation from counsel that J.D. is not a minor.)
[17] *See* Fed. R. Civ. P. 5.2(a)(3).
[18] R. Doc. 24.

Next in their Status Report, the Parties represent that Alexis Dunn will file appropriate pleadings in a court of proper jurisdiction to be appointed tutor of the minor child T.O. within either sixty or ninety days of the status report.[19] The Court encourages Ms. Dunn to proceed as soon as possible with any court proceedings she feels are necessary, as this case has already been pending for approximately two and a half years. Plaintiff's counsel is reminded, however, that, as previously stated by the Court, the additional documentation that is needed by the Court concerns J.D., the heir of the deceased whom Plaintiff's counsel represented he has been unable to contact.

Finally, the Parties ask that the current stay order be lifted and the Parties allowed to complete fact and expert discovery. The Court currently declines this request and hereby notifies the Parties that the stay will not be lifted until Plaintiffs have been properly substituted. However, the Parties are both free and, in fact, strongly encouraged to continue fact and expert discovery without a scheduling order being in effect.

Accordingly,

**IT IS ORDERED** that the following documents be struck from the record for failure to comply with Federal Rule of Civil Procedure 5.2(a): R. Doc. 24-1, R. Doc. 26 and all its exhibits, R. Doc. 33-1, and R. Doc. 37-1.

**IT IS FURTHER ORDERED** that the Clerk will immediately place Plaintiff's Motion to Substitute Party Plaintiff (R. Doc. 24) under seal, to be unsealed only when an appropriately redacted or edited substitution is made.

Finally, **IT IS ORDERED** that by May 26, 2023, Plaintiff's counsel shall (1) file a motion to substitute R. Doc. 24 with a version that complies with Federal Rule 5.2; (2) file a clarification as to the age of J.D.; and (3) as all proof of proposed plaintiffs' relationships to Plaintiff Will Dunn,

---

[19] See above at 2—it is unclear which time period was meant.

4

Jr., has been struck from the record, counsel shall file proof of relation of *all three* proposed plaintiffs[20] OR, in the alternative, some other clarification of counsel's intent regarding substitute plaintiffs going forward.

     Signed in Baton Rouge, Louisiana, on April 27, 2023.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[20] Plaintiff's counsel is again reminded that sensitive identifying information is not necessary here. If there is any alternative documentation, e.g., affidavit or deposition transcript, it will suffice.